UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:24-CV-00194 PLC |
| DOUG BURRIS, | ) ) ) |
| Respondent. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is petitioner Clint Phillips, III's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. After reviewing the record in this matter, the Court will deny and dismiss the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

**Background**

Petitioner is a state pretrial detainee, and he is currently incarcerated at the St. Louis County Justice Center in Clayton, Missouri. He filed the instant application for writ of corpus brought pursuant to 28 U.S.C. § 2241 seeking review of his criminal action in St. Louis County Court. *See State v. Phillips*, No. 23SL-CR1278 (21st Jud. Cir., St. Louis County Court).

According to the publicly available records published on Missouri Case.Net, petitioner is charged with the following three counts: assault in the first degree; armed criminal action and unlawful use of a weapon. He is not currently represented by counsel, and the case is set for preliminary hearing on March 4, 2024. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

As best the Court can tell, petitioner seeks a writ of habeas corpus on the grounds that his preliminary hearing was continued without justification. He alleges that although "it was said he consented to it," he did not do so. Petitioner believes that moving his preliminary hearing from January 10, 2024, to March 4, 2024, was a violation of his rights.

From review of Missouri Case.Net, it appears that petitioner was charged by criminal complaint on December 11, 2023, with assault in the first degree, armed criminal action and unlawful use of a weapon. *See State v. Phillips,* No. 23SL-CR1278 (21st Jud. Cir., St. Louis County Court). The warrant for his arrest was served on petitioner on December 11, 2023, and an initial appearance was held on December 12, 2023. Petitioner declined to be represented by counsel in the proceedings. At a bond hearing on December 19, 2023, bond was set at $150,000, cash only with 10% down.

In the probable cause statement attached to the criminal complaint, Officer Jason Lawton of the Bellefontaine Neighbors Police Department, testified:

> The defendant accused his family of stealing his phone and started throwing glass items around, causing glass to shatter and fall on the floor. As family members tried to restrain him, the defendant picked up a piece of broken glass and cut one of the members of the household in his hand. He also placed his hands around a different victim's neck and began to choke him. Phillips subsequently entered the kitchen and retrieved a knife and began swinging it around wildly. A family member was able to disarm him until police arrived.

*Id.*

Petitioner alleges that his arrest was unreasonable, and his pretrial detention and criminal proceedings are unjustified. He believes he is being held without probable cause and subject to malicious prosecution. Petitioner seeks release from confinement and false imprisonment.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241.  *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on a review of the petition under Rule 4, the Court concludes that it plainly appears that he is not entitled to relief.

Petitioner asks this Court to enjoin, dismiss, and stop the state prosecution against him. The abstention doctrine set forth in *Younger v. Harris* precludes such relief. 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when an ongoing state judicial proceeding exists that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005).  The doctrine applies to claims for both injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

Exceptions to *Younger* exist in special circumstances, such as where a "person about to be prosecuted in a state court can show that he will, if the proceedings in the state court is not enjoined, suffer irreparable damages." *Id.* at 41, 43 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Furthermore, the irreparable injury must be both "great and immediate," and the threat of "defense against a single criminal prosecution" is not enough. *Id.* at 45-46.

Petitioner asserts that his preliminary hearing has been postponed approximately a month, but he does not indicate how this postponement will allegedly affect him. Rather, he will suffer only an injury "incidental to every criminal proceeding brought lawfully and in good faith." *Younger,* 401 U.S. at 49 (internal citation omitted).[1] No special circumstances exist to justify the Court's intervening in petitioner's ongoing state court matter. In short, "the Court is not the Justice League. It cannot swoop in and address wrongs, real or perceived, wherever they appear." *Martin v. Coca Cola Consol., Inc.,* No. 1:20-CV-323-HAB, 2020 WL5548690, at *2 (N.D. Ind. Sept. 16, 2020). As such, the Court is constrained by the *Younger* doctrine from granting petitioner's requested relief.

To the extent petitioner can be understood to challenge his ongoing state prosecution, he cannot establish entitlement to relief because he has failed to show that he exhausted his state remedies with respect to any claim he can be understood to bring. Although the language of § 2241 does not contain an exhaustion requirement, "a petitioner seeking relief from state custody by means of a state writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981); *see also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner").

---

[1] Even if petitioner was denied a preliminary hearing, this claim would not necessarily be cognizable in a petition for writ of habeas corpus, as "[t]here is no constitutional right to a preliminary hearing." *United States v. Neff,* 525 F.2d 361, 346 (8th Cir. 1975). *See also Collins v. Swenson*, 443 F.2d 329, 331 (8th Cir. 1971) (explaining that Missouri state prisoner's habeas claim that he had been denied a preliminary hearing failed, because it did not constitute the denial of a federal constitutional right); and *Barber v. State of Arkansas*, 429 F.2d 20, 22 (8th Cir. 1970) (collecting cases for proposition that a defendant is not entitled to a preliminary hearing as a matter of constitutional right).

4

Generally, state remedies are not considered exhausted if an individual may effectively present his claims in state court by any currently available and adequate procedure. A prisoner can only avoid the exhaustion requirement if he can demonstrate the existence of special circumstances. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Here, petitioner does not establish, and independent inquiry does not show, that he exhausted his state remedies before filing the instant petition regarding any claim he can be understood to bring. The state court can resolve these claims by petitioner filing additional motions with the Circuit Court, or if his motions are denied, by pursuing remedies in the Missouri Court of Appeals. As such, adequate state court remedies currently exist for petitioner, and he does not assert any special circumstances excusing his failure to exhaust these remedies.

**Conclusion**

To the extent petitioner challenges his ongoing state criminal proceedings, it appears he has currently available and adequate state court remedies to raise his claims. Petitioner has not shown, nor does it appear, that there are any exceptional circumstances that would allow him to bypass the normal procedure for raising such claims. Therefore, to the extent petitioner can be understood to challenge his ongoing state prosecution, he cannot satisfy the exhaustion requirement with respect to any of the claims he can be understood to bring. Therefore, relief under § 2241 is unavailable to petitioner at this time.

To the extent petitioner wishes to pursue claims relating to his alleged arrest or imprisonment, petitioner will need to file a separate action pursuant to 42 U.S.C. § 1983. The Court will instruct the Clerk to provide petitioner with a prisoner civil rights complaint form for doing so.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED** and **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that to the extent petitioner is seeking relief under 42 U.S.C. § 1983, those claims are **DENIED AND DISMISSED** in this action. Petitioner may bring a separate action if he wishes to seek relief for those claims.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk shall provide petitioner a prisoner civil rights complaint form and application to proceed in the district court without prepaying fees and costs.

Dated this 22nd day of February, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE